# REPORTS OF CASES

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1872.

---

## THE TERRITORY OF NEW MEXICO ON THE RELATION OF GERTRUDE E. HUNTINGTON AND D. L. HUNTINGTON *v.* SANTIAGO VALDEZ, PROBATE JUDGE, AND VICENTE ROMERO.

DISTRICT COURT MAY ISSUE CERTIORARI TO PROBATE COURT.—The district courts of this territory have jurisdiction to issue writs of certiorari to the probate courts in the exercise of their superintending control over them.

REMEDY BY CERTIORARI NOT LOST BY FAILURE TO APPEAL, WHEN.—Failure to take the lawful steps for an appeal from an adverse proceeding, in the probate court at the term at which such proceeding is had, does not preclude a party from the benefit of the writ of certiorari under chapter 24 of the Revised Statutes, in a case where the probate court had no jurisdiction of such party by appearance or service of notice.

APPOINTMENT OF DEBTOR OF ESTATE AS ADMINISTRATOR.—The appointment of one who is indebted to an estate, or against whom a suit is pending on behalf of such estate, as administrator thereof, is wholly unwarranted by law.

REMOVAL OF ADMINISTRATOR SET ASIDE BY CERTIORARI.—The removal of an administrator, without notice, for a failure to file an inventory, after an order dispensing with such inventory until the determination of a certain suit brought on behalf of the estate to obtain an account of part of the assets, and the appointment of one of the sureties on appeal of the defendants in said suit as administrator *de bonis non*, may be set aside and annulled on certiorari from the district court, and the probate court may be restrained from any further attempt to remove such administrator until the termination of said suit.

APPEAL from the district court for Mora county. The opinion states the case.

*S. B. Elkins, Wheaton, Clever and Watts,* for the defendants and appellants.

*T. F. Conway,* attorney-general, for the plaintiffs and appellees.

By Court, JOHNSON, J.:

In the month of March, 1871, the relators petitioned the district court in and for the county of Mora, showing that one of them, then Gertrude E. Webb, was on the twenty-seventh day of July, 1868, appointed by the probate court of said county, administratrix of the estate of Nathan Webb, her husband, then lately deceased; that in January, 1869, she commenced suit as administratrix against William H. Moore and William C. Mitchell, surviving partners of said deceased, for settlement of the interest of said estate in the firms of W. H. Moore & Co. and N. Webb & Co.; that, being unable to make an inventory of said estate, for the reason that all of its assets were in the hands of said surviving partners, she could form no correct estimate of the extent and value of the said assets. On the twenty-seventh of October, 1869, she made report accordingly to the probate court of Mora county (Vicente Romero, one of the respondents to this petition, then being judge of said court), and obtained an order of said court granting her further time until the termination of said suit to make report and said inventory; that at August term, 1870, of the district court for said county, a decree was rendered in said suit against said Moore and Mitchell in favor of said administratrix and her present husband, from which decree said Moore and Mitchell appealed to this court, said Romero, one of the respondents in this suit, becoming one of the securities on their appeal bond; that this court at January term, 1871, affirmed said decree to the amount of seventy-four thousand and eight hundred dollars, against the appellees and the securities on their said bond, including said Romero; that from said decree of this court said appellees appealed to the

supreme court of the United States, where said suit is still pending; that on January 3, 1871, the probate court of said county removed said administratrix from her administration, and appointed said Romero in her stead, notwithstanding the order of said court before mentioned, and the fact that Romero was a judgment debtor of said estate, and without any notice whatever to said administratrix of the pendency in said court of proceedings for her removal from administration. Upon this exhibition of facts, the petitioners pray the court below for a writ of certiorari to the said probate court, etc. On the eleventh and thirteenth of March, 1871, the respondents were served with notice of the pendency of the petition, and that on the twentieth of the said month, the district court in and for said county would be moved to grant said writ.

On the twenty-first of said month, after argument of said motion, a writ of certiorari was granted. In obedience to the writ the probate court of Mora county, sent to the court below a transcript of its proceedings, by which it appears that on the third of January, 1871, Gertrude E. Webb, now Huntington, was removed from the administration of the estate of Nathan Webb, deceased, by order of said probate court, on the petition of William H. Moore and William C. Mitchell; that the next day said Moore was, on his own application, appointed administrator *de bonis non* of said estate, and that he resigned his administratorship on the ninth of the same month, when the said court appointed Vicente Romero administrator in his stead. It does not appear from this transcript, that said Gertrude, or any person representing her, was present in said court during any portion of these proceedings, or that she, her agent or attorney, had been notified that such proceedings were pending.

Vicente Romero filed in the court below, on the return of the writ, an affidavit stating, among other matters, that he was probate judge of Mora county in 1869, until the beginning of October, and denying that he, or the said probate court, while he was judge of it, had made the order alleged in the relators' petitions, dispensing with the report

of the administratrix and the making of an inventory, until the termination of her suit against Moore and Mitchell, but it appears from another transcript from the probate court, filed in this cause in the court below, that such order was made by said probate court on the third of November, 1869, Jose Ledenux being then probate judge of said county.

The court below adjudged the proceedings of the probate court of Mora county, in removing said administratrix from her trust and appointing said Vicente Romero administrator in her place, to be without warrant of law, and fraudulent and void from the beginning, and enjoined said probate court from entertaining any proceedings to remove or suspend the said Gertrude E. Huntington from her trust as administratrix of Nathan Webb, deceased, during the pendency of, and until the final determination of the suit in the supreme court of the United States, in which she and her husband are complainants against said Moore and Mitchell, or until the further order of the court below. From the judgment of the court below the respondents appeal.

The points presented by the appellant's assignment of errors involve: 1. The power of the court below to issue the writ of certiorari; 2. Whether it erred in granting the writ in this cause; 3. Whether the judgment of the court below was erroneous.

The tenth section of the act of congress, approved September 9, 1850, entitled "An act proposing to the state of Texas, etc.," provides that "the judicial power of said territory [New Mexico] shall be vested in a supreme court, district courts, probate courts, and in justices of the peace," and "the said supreme and district courts, respectively, shall possess chancery as well as common law jurisdiction." It should not be necessary to repeat here what has been so frequently described, namely, that this conferring of jurisdiction upon these courts necessarily includes all power requisite to give full effect to it. The removal of causes by certiorari from an inferior to a superior court is a power which has always pertained to the jurisdiction of courts of common law as well as courts of chancery. Hence, the conferring of this jurisdiction upon the district courts thereby

constituting them superior courts, or courts of general jurisdiction, gives them the power, although the statutes of this territory had been silent on the subject.

The third clause of section 10, chapter 10 in Revised Statutes of New Mexico, p. 108, says that the district courts shall have " appellate jurisdiction from the judgments and orders of the prefects (probate judges and probate courts), and alcaldes (justices of the peace) in all cases not prohibited by law, and shall possess a superintending control over them."

The statute from which this quotation is made purports to date from September 22, 1846, and was re-enacted with the Revised Statutes, January 26, 1865, by the legislative assembly of this territory for defining the superintending control the district courts may use, according to the necessities of the case, and the powers pertaining to them, either as courts of common law or courts of chancery.

We are now to consider whether the court below erred in granting the writ of certiorari in this cause. The petition shows ample ground to sustain the prayer. But on the part of the appellants the whole of chapter 24, Revised Statutes, relating to certiorari, is cited to this court, and it has been argued that, inasmuch as the appellees did not take lawful steps for an appeal at the term of the probate court in which the proceedings complained of were had, they are precluded by the provisions of this chapter from benefit of the writ of certiorari. The provisions of this chapter are a limitation of the writ of certiorari, in cases coming within their purview, but do not operate in cases whose circumstances are outside of their purview. They contemplate that at the time of judgment, the court or justice of the peace rendering the judgment, had jurisdiction both of the subject-matter and of the person, and, if otherwise, there would be great room under color of legal proceedings in these courts, and before justices of the peace, for unlimited corruption and oppression, and the supreme court would be warranted in regarding them as contrary to public policy. The allegation of the appellees' sworn petition, that the administratrix was not present in the probate court, either in person, or by her agent or attorney,

at the time of the proceedings complained of, and that neither she nor her agent or attorney had any notice of the pendency of said proceedings, is sufficient to show the court below that her case is an exception to the provisions of the statute cited, for the reason that the probate court in these proceedings had neither real nor constructive jurisdiction of her person.

It now remains to consider whether the judgment of the court below was erroneous. In deciding this question we have to consider the material facts set forth in the petition, the answer thereto furnished by the transcript from the probate court of Mora county, the affidavit of the respondent, Vicente Romero, and the law of this territory concerning the appointment of administrators, so far as applicable to this case. The transcript from the probate court does not contradict any material fact alleged in the petition, and the affidavit of Romero does not deny that the order referred to was made by the probate court previous to the commencement of the proceedings complained of, but merely denies that such order was applied for or granted while he was probate judge of Mora county, while a further or supplemental transcript shows that such order had been granted in fact, shortly after Romero went out of office. So it appears there was no issue of fact material to the case presented to the court below. Sections 5 and 6, chapter 2, of the Revised Statutes, p. 34, say as to whom letters of administration shall be granted:

"Section 5. Letters of administration shall be granted: First, to the husband or wife surviving; secondly, if there be no husband or wife surviving, to those who are entitled to distribution of the estate, or one or more of them, as the prefect shall believe will best manage the estate.

"Section 6. If no such person shall apply for such letters within thirty days after the death of the deceased, any creditor shall be allowed to take out such letters, and in default of these the probate judge may select as administrator such discreet person as he may choose."

By the record of the court below it appears that one of the relators was the administratrix of her deceased husband,

and that the probate court, under pretext that she had not made an inventory and annual report, made an order removing her from such administration, notwithstanding the existence of an order of that court suspending or dispensing with the making of such inventory and report until the final determination of a certain suit on behalf of said administratrix, and appointed to said administration a party defendant to said suit, and within a few days afterward appointed another judgment debtor of the said estate in said suit in his stead. Passing over the question of the legality of the removal of the administratrix under the circumstances shown by the record, the appointment to the administration of an estate of a party indebted to such estate, or against whom a suit is pending on behalf of such estate, is unwarranted by either the spirit or the letter of the statute for the guidance of the probate court in using the appointing power. The statute indicating who shall have priority of right of administration, including creditors, manifests a desire on the part of the legislature to secure the management of an estate to the person or persons whose interests it apparently is to administer it to the best advantage for all persons interested in its distribution. Hence, when the estate under the contingency specified empowers the probate judge to appoint some discreet person to the administration, it is to be inferred that the legislature intended the term "discreet" to mean competent and disinterested, and never contemplated that a person indebted to an estate in any manner, or litigating against the same, should have placed in his hands the power to defraud the estate, or delay its settlement.

In this case it appears by the record, that in the administration of Webb's estate there was pending in the supreme court of the United States a suit in which a large sum of money had been adjudged and decreed by the supreme court of this territory to be paid to said estate by Moore and Mitchell, and Romero, one of the respondents in the court below, and others, and from which judgment and decree appeal was taken to said supreme court of the United States by the parties against whom the same were rendered.

The petition for certiorari alleges that the removal of the administratrix from her trust, and the appointment of Romero in her stead, was fraudulent, and for the purpose of defeating the interests of said administration involved in said suit; and the record of the court below contains no denial, contradiction, or avoidance of this allegation. It is apparent that had the removal of the administratrix and the appointment of Romero been fairly accomplished, Romero would have had it in his power to sacrifice whatever interests of the estate of Webb may be involved in the case referred to, and the inference is warranted by the record of the court below that he would not have not hesitated to use that power detrimentally.

It is fortunate, however, in this case, that our district courts are amply empowered by law to protect the status of parties to suits, as well as their persons and interests, and had not the power been seasonably invoked, incalculable mischief could have been accomplished, and the administration of justice delayed, if not altogether defeated. In order to prevent further trouble of similar kind, the court below, besides annulling the proceedings of the probate court removing Gertrude E. Huntington from her administration, and appointing Vicente Romero thereto, enjoined said probate court from entertaining any proceedings "to remove or suspend the said Gertrude E. Huntington from her trust as administratrix, etc., of Nathan Webb, deceased, during the pendency of and until the final determination of the said suit in the supreme court of the United States, or until the further order of this court." This portion of the judgment of the court below the appellants say is erroneous. As it is shown in preceding portions of this opinion that our district courts have ample power to correct the erroneous or unlawful proceedings of an inferior court, further discussion or repetition is not necessary to show that (aside from the powers given them by the act of congress above quoted) the superintending control confided to them by the statutes of this territory is ample to forbid a repetition of like erroneous or unlawful proceedings in relation to the same party and subject.

The judgment of the court below is affirmed.